## Hazard Lumber & Supply Company v. South.

(Decided May 29, 1928.)

### Appeal from Estill Circuit Court.

1. Mechanics' Liens.—In suit to enforce mechanic's lien, evidence held to sustain chancellor's finding that notice of 35 days, required by Ky. Stats., sec, 2463, in case where contract for erection of house is not made directly with owner or agent, was not given..
2. Mechanics' Liens.—Materialman, failing to give notice required by Ky. Stats., sec. 2463, in case where contract was not made directly with owner or agent, is not entitled to recover balance of contract price in hands of owner, since, on failure to take steps to perfect lien, materialman does not acquire lien on funds in hands of owner, unless proceeding by attachment.

BEN H. SCOTT for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

G. C. South, who owned a lot in Irvine, contracted with Charles C. Early to build a house thereon for the sum of $5,000. Early contracted with the Hazard Lumber & Supply Company to furnish the materials. The latter company brought this suit against South to enforce a mechanic's lien for $1,215.18, the balance due after certain credits. The master commissioner made a favorable

report, but, on exceptions, the circuit court adjudged that plaintiff was not entitled to a lien.   Plaintiff has appealed.

The circuit court based its decision on the ground that the contract for the erection of the house was not made directly with the owner or his agent, and that appellant did not notify the owner in writing, within 35 days after the last item of material was furnished, of his intention to hold the property liable, as required by section 2463, Kentucky Statutes.   It is admitted that the notice was given on November 5, 1924, and appellant's books show that certain items consisting of sand, stone, cement, boards, etc., were furnished on October 1, 2, and 3, 1924.   Appellant's bookkeeper and manager testified that these items were furnished within 35 days from the time the notice was given, but they had no personal knowledge of the transaction.   Joe Dawes, who built the concrete steps, stated that it was done during the fall, but he did not remember the exact time.   He stated, however, that after completing the steps, he did some work on Dr. Golden's house.   Another witness testified that he saw Dawes working at the Golden house about the middle or the 20th of September.   Appellee testified that no work was done on his house after the middle of September. In this he is corroborated by an insurance agent who delivered a policy of insurance to Mrs. South on September 17th or 18th, and who stated, in substance, that the steps had been completed.   As the weight of the evidence supports the chancellor's finding that the notice was not given within the required time, his finding will not be disturbed.

As the statutory notice was not filed in time, there is no merit in the contention that appellant is entitled to recover the balance of the contract price now in the hands of appellee.   Whitt et al. v. Maddix et al. (Ky.) 124 S. W. 270, is not controlling as the notice was not required under the statute then in force.   Where a materialman has not taken the necessary steps to perfect his lien he cannot acquire a lien on the funds in the hands of the owner, unless he proceeds by attachment, which was not done in this case.

Judgment affirmed.