**CITY OF CENTER et al., Appellants,**

v.

**Mrs. Dail ROBERTS et al., Appellees.**

**No. 542.**

Court of Civil Appeals of Texas, Tyler.

June 10, 1971.

Rehearing Denied July 8, 1971.

Fairchild, Hunt & Price, Billy Hunt, Center, for appellants.

Bill Griffin, Center, Richard W. Fairchild, Nacogdoches, for appellees.

DUNAGAN, Chief Justice.

This is a suit for damages for personal injuries. The suit was originally brought by Dail Roberts seeking damages for per-

sonal injuries alleged to have been sustained in a collision between a Mustang automobile operated by Dail Roberts and a street sweeper owned by the City of Center and operated by James Mathes Hughes. The collision in question occurred on Texas State Highway 7, inside the corporate limits of the City of Center, and at or near the intersection of Highway 7 and Railroad Avenue. Until just before the collision both the Mustang automobile driven by Dail Roberts and the city street sweeper driven by defendant Hughes were proceeding west on Highway 7. The collision occurred when the sweeper turned to its left at Railroad Avenue as the Mustang was passing it.

Prior to the trial of this cause Dail Roberts died, and Mrs. Dail Roberts, his surviving widow, and Billy R. Roberts and Virginia Dail Green, his surviving children, were substituted as plaintiffs and they thereafter prosecuted this suit individually and as the sole heirs at law of Dail Roberts, deceased.

Trial was to a jury. The jury convicted appellants of various acts of negligence proximately causing the collision, but refused to find Roberts committed any act of negligence. Following the overruling of appellants-defendants' Motion to Disregard Jury Findings and for Judgment Non Obstante Veredicto, the court entered judgment for the plaintiffs-appellees jointly and severally against the appellants, James Mathes Hughes and the City of Center, in the amount of $6,500.00.

The court entered an order overruling defendants' Amended Motion for New Trial from which the appellants duly and timely perfected this appeal.

Although eleven points of error are assigned, our decision will turn on the first, second, third, fourth, fifth, seventh, eight and ninth points, all involving the question of whether Dail Roberts attempted to pass the street sweeper by driving his vehicle, wholly or partially, to the left of the center stripe at some point during the last 100 feet before he reached the intersection of Highway 7 and Railroad Avenue, and whether such act, if it occurred, was negligence, either per se or at common law, proximately causing the collision involved here.

Appellants take the position in this appeal that such driving, negligence, and proximate cause were established by the undisputed evidence as a matter of law, or, in the alternative, that these matters were established, as a matter of fact, by the overwhelming weight and preponderance of the evidence. We do not agree.

In considering the "no evidence" points we, of course, are concerned only with the question whether there is any evidence of probative value to support the verdict, and must, of course, accept the evidence and permissible inferences therefrom most favorable to the verdict, and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W. 2d 821 (Tex.Sup., 1965); White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943). To determine whether a finding is against the great weight and preponderance of the evidence, we consider all the evidence, that which supports, as well as that which is contrary to the verdict.

Dail Roberts by deposition testified positively that in preparing to pass and in the process of passing the sweeper he drove the Mustang in the right-hand lane of Highway 7 in the direction he was traveling and did not go into the left-hand lane, and that the Mustang was on the right-hand side of the highway when the sweeper hit it.

Appellants contend that the undisputed physical facts clearly established the physical impossibility of the correctness of the testimony of Dail Roberts that he remained to the right of the center line, and therefore the testimony of Roberts, being at variance with the physical facts, is without probative force. This contention is overruled.

■ To be entitled to the relief they seek here, the burden rests upon appellants to establish that undisputed physical facts and common knowledge show that the testimony of Roberts could not possibly be true. It is our opinion that appellants have not discharged this burden.

■ It is within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. Royal v. Cameron, 382 S.W.2d 335 (Tex. Civ.App., Tyler, 1964, writ ref., n. r. e.); Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex.Com.App., 1923). It may accept part of a witness' testimony and reject the remainder, if the facts of the case justify such action. Missouri Pacific Railroad Company v. Mendoza, 337 S.W.2d 622 (Tex.Civ.App., Waco, 1960, writ ref., n. r. e.).

■ The jury is not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same. Doran v. Eaton, 376 S.W.2d 367 (Tex.Civ.App., Austin, 1964, writ ref., n. r. e.); Peck v. Century Concrete Products, Inc., 375 S.W.2d 459 (Tex. Civ.App., Ft. Worth, 1964, writ ref., n. r. e.); Higginbotham v. O'Keeffe, 340 S.W. 2d 350 (Tex.Civ.App., Amarillo, 1960, writ ref., n. r. e.); 24 Tex.Jur.2d, p. 357, sec. 705.

■ This court has the power to grant a new trial where the finding of the jury or the court is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, but we are not authorized to substitute our judgment for that of the jury or the court simply because we might have reached a different conclusion on the facts. Royal v. Cameron, supra; Ashman v. Smith, 389 S.W.2d 509 (Tex.Civ.App., Houston, 1965, n. w. h.); Continental Bus System, Inc. v. Biggers, 322 S.W.2d 1 (Tex. Civ.App., Houston, 1959, writ ref., n. r. e.); Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (Tex. Sup., 1950); Vol. 4, McDonald, Texas Civil Practice, p. 1459, sec. 18.15; Rule 328, Texas Rules of Civil Procedure.

■ It was appellants' burden to establish by a preponderance of the evidence that Roberts drove to the left of the center line of Highway 7 while approaching within 100 feet of the intersection. That he did so is not established as a matter of law by the evidence. Viewing the evidence in the light which we must, we have concluded there is evidence to support the jury's findings here in question, and that such findings are not so opposed to an overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We have considered all of appellants' points of error. They are overruled.

Judgment of the trial court is affirmed.