ACCEPTED
05-14-00682-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/18/2015 4:03:30 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 02/19/2015
8:34:51
Lisa Matz, Clerk

Case No. 05-14-00682-CV

IN THE COURT OF APPEALS FOR

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/18/2015 4:03:30 PM
LISA MATZ
Clerk

THE FIFTH JUDICIAL DISTRICT OF TEXAS

IN DALLAS, TEXAS

---

RUBEN MONREAL,
Appellant,

Vs.

BRUCE ALAN DOTSY D/B/A DOTSY TRUCKING SERVICE,
Appellee.

---

FROM DALLAS COUNTY COURT AT LAW NUMBER 4

---

APPELLANT'S BRIEF

Filed by Appellant RUBEN MONREAL
Appellant's counsel:
LAW OFFICES OF DOMINGO A. GARCIA, P.C.
Domingo A. Garcia
State Bar No. 07631950
Albert Villegas
State Bar No. 20585450
600 Bank of America Twr. - Oak Cliff
400 S. Zang Blvd.
Dallas, Texas 75208
Telephone: (214) 941-8300
Facsimile: (214) 943-7536
Email: avillegas@dgley.com

APPELLANT REQUESTS ORAL ARGUMENT

## IDENTITY OF THE PARTIES AND COUNSEL

Appellant was the Plaintiff in the trial court, and his counsel in the trial court were, successively, Domingo A. Garcia, David L. Sanchez, and Jessica A. Gonzalez of the Law Offices of Domingo A. Garcia, P.C., 400 S. Zang Blvd., Ste. 600, Dallas, Texas 75208.

Appellee was one of the three Defendants in Appellant's original lawsuit in the trial court and then the sole Defendant in the severed cause. Appellee's counsel in the trial court was Scott Smith of Smith, Smith & Smith, L.L.P., 3939 U.S. Highway 80 East, Ste. 486, Mesquite, Texas 75150-3373.

The trial court was the County Court at Law Number 4 of of Dallas County, Texas, and the cause number was originally cc-11-08763-c, which was consolidated into Cause No. cc-11-06020-d and then severed into Cause No. cc-14-02331-d. The Judge in the trial court was The Honorable Ken Tapscott.

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 18

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 18

    I.    The trial court abused its discretion when it granted
        Appellee's objection to other Defendants' interrogatory
        answers filed by Appellant in opposition to Appellee's
        summary judgment motion . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    II.    The trial court committed reversible error when it granted
        Appellee's summary judgment motion . . . . . . . . . . . . . . . . . . . 24

        A.    The trial court committed reversible error when it
            failed to find that Appellant produced more than a
            scintilla of competent evidence that Appellee's
            negligent conduct proximately caused Appellant's
            injuries. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        B.    The trial court committed reversible error when it
            failed to find that Appellee failed to conclusively
            prove that his conduct did not proximately cause
            Appellant's injuries . . . . . . . . . . . . . . . . . . . . . . . . . . 46

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

# INDEX OF AUTHORITIES

## CASES

Aguirre v. Vasquez, 225 S.W.3d 744 (Tex. App. - Houston
[14th Dist.] 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31, 32

Alamo Lumber Co. v. Pena, 972 S.W.2d 800 (Tex. App. -
Corpus Christi 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

AlliedSignal, Inc. v. Moran, 231 S.W.3d 16 (Tex. App. -
Corpus Christi 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 52, 53, 54

Atchison v. Texas & P. Ry. Co., 186 S.W.2d 228 (Tex. 1945) . . . . . . . . . . . . . . . . 33

Barlow v. Thornhill, 537 S.W.2d 412 (Mo. 1976) . . . . . . . . . . . . . . . . . . . . . . . . 55

Beall v. Ditmore, 867 S.W.2d 791 (Tex. App. - El Paso 1993) . . . . . . . . . . . . . . . 54

Bel-Ton Elec. Serv., Inc. v. Pickle, 877 S.W.2d 789 (Tex. App. -
Dallas 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223 (Tex. 1991) . . . . . . . . . . . . . . . . 21

Benavente v. Granger, 312 S.W.3d 745 (Tex. App. - Houston
[1st Dist.] 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Biaggi v. Patrizio Restaurant Inc., 149 S.W.3d 300 (Tex. App. -
Dallas 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24-25, 29, 46-50

Biggers v. Continental Bus Sys., Inc., 303 S.W.2d 359 (Tex.
1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Blankenship v. Mirick, 984 S.W.2d 771 (Tex. App. - Waco 1999) . . . . . . . . . . . . 43

Block v. Mora, 314 S.W.3d 440 (Tex. App. - Amarillo 2009) . . . . . . . . . . . . . . . 31

Brookshire Bros., Inc. v. Lewis, 911 S.W.2d 791 (Tex. App. -
    Tyler 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Brookshire Grocery Co. v. Goss, 208 S.W.3d 793 (Tex. 2008) . . . . . . . . . . . . . . . . 33

Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497 (Tex. 1995) . . . . . . . . . . . . . . 28

Byrd v. Delasancha, 195 S.W.3d 834 (Tex. App. - Dallas
    2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34, 36,37, 39, 50

Caldwell v. Curioni, 125 S.W.3d 784 (Tex. App. - Dallas 2004) . . . . . . . . . . . . . . 32

Carney v. Roberts Investment Co., Inc., 837 S.W.2d 206 (Tex.
    App. - Tyler 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Centeq Realty v. Siegler, 899 S.W.2d 195 (Tex. 1995) . . . . . . . . . . . . . . . . . . 45, 46

City of Center v. Roberts, 469 S.W.2d 27 (Tex. Civ. App. -
    Tyler 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . 31

City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 679
    (Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46, 57

Clodfelter v. Martin, 562 S.W.2d 491 (Tex. Civ. App. -
    Corpus Christi 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Coastal Tankships, U.S.A., Inc. v. Anderson, 87 S.W.3d 591
    (Tex. App. - Houston [1st Dist.] 2002) . . . . . . . . . . . . . . . . . . 38, 43, 50, 51

Coleman v. Equitable Real Estate Investment Mgmt, Inc.,
    971 S.W.2d 611 (Tex. App. - Dallas 1998) . . . . . . . . . . . . . . . . . . . . . . . . 32

Cooper v. Smith & Nephew, Inc., 259 F.3d 194 (4th Cir. 2001) . . . . . . . . . . . . 50, 51

Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

De la Vega v. Taco Cabana, Inc., 974 S.W.2d 152 (Tex. App. - San Antonio 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472 (Tex. 1995) . . . . . 33, 44

El Chico Corp. v. Poole, 732 S.W.2d 306 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . 33

F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680 (Tex. 2007) . . . . . . . . 49

Fid. & Guar. Ins. Underwriters, Inc. v. La Rochelle, 587 S.W.2d 493 (Tex. App. - Dallas 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Frost Nat'l Bank v. Fernandez, 315 S.W.3d 494 (Tex. 2010) . . . . . . . . . . . . . . . . 18

Gen. Mills Rest. Inc. v. Tex. Wings, Inc., 12 S.W.3d 827 (Tex. App. - Dallas 2000, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757 (Tex. 2003) . . . . . . . . . . 54

Guevara v. Ferrer, 247 S.W.3d 662 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . 35, 36

Hair v. Church & Dwight Co., Inc., 2004 Tex. App. LEXIS 6451 (Tex. App. - Dallas) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25, 28

Hamilton v. Wilson, 249 S.W.3d 425 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 45

Haney Elec. Co. v. Hurst, 624 S.W.2d 602 (Tex. App. - Dallas 1981) . . . . . . . . . . . 29

Hatcher v. Mewbourn, 457 S.W.2d 151 (Tex. Civ. App. - Texarkana 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Herrmann v. Goff Custom Homes, L.P., 2013 Tex. App. LEXIS 10717 (Tex. App. - Dallas) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

IHS Cedars Treatment Ctr. of DeSoto v. Mason, 143 S.W.3d 794 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

In re Am. Homestar of Lancaster, Inc., 50 S.W.3d 480 (Tex 2001) . . . . . . . . . . . . 21

In re C.R., 263 S.W.3d 368 (Tex. App. - Dallas 2008) . . . . . . . . . . . . . . . . . . . 22

In re Liu, 290 S.W.3d 515 (Tex. App. - Texarkana 2009) . . . . . . . . . . . . . . . . 50, 52

In the Int. of A.P.M., 2012 Tex. App. LEXIS 4586 (Tex. App. - Dallas) . . . . . . . . . 22

Kindred v. Con/Chem, Inc., 650 S.W.2d 61 (Tex. 1983) . . . . . . . . . . . . . . . . . . . 52

Landers v. E. Tex. Salt Water Disposal Co., 248 S.W.2d 731 (Tex. 1952) . . . . 50, 52

Lear Siegler, Inc. v. Perez, 819 S.W.2d 470 (Tex. 1991) . . . . . . . . . . . . . . . . 31, 32

Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778 (Tex. 2001) . . . . . . . . . . . . . 33

Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . 31, 44

Lenger v. Physician's Gen. Hosp., Inc., 455 S.W.2d 703 (Tex. 1970) . . . . . . . . . . 51

Lewis & Lambert Metal Contractors, Inc. v. Jackson, 914 S.W.2d 584
    (Tex. App. - Dallas 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Loera v. Fuentes, 408 S.W.3d 46 (Tex. App. - El Paso 2013) . . . . . . . . . . . . . 22, 23

Longoria v. Graham, 44 S.W.3d 671 (Tex. App. - Houston [14th Dist.]
    2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Lopez v. La Madeleine of Tex., Inc., 200 S.W.3d 854 (Tex. App. -
    Dallas 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Loram Maint. of Way, Inc. v. Ianni, 141 S.W.3d 722 (Tex. App. - El Paso
    2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Marathon Corp. v. Pitzner, 106 S.W.3d 724 (Tex. 2003) . . . . . . . . . . . . . . . . . . 33

McCraw v. Maris, 828 S.W.2d 756 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . 22, 23

Med. Ctr. of Las Colinas, Inc. v. Hogue, 271 S.W.3d 238 (Tex. 2008) . . . . . . . . . 30

Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51, 52

Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex. 1984) . . . . . . . . . . . . . 28, 34

Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525 (Tex. 2000) . . . . . . . . . . . . . . 21

Nissan Motor Co., Ltd. v. Armstrong, 145 S.W.3d 131 (Tex. 2004) . . . . . . . . . . . . 22

Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985) . . . . . . . . . . . 23, 46, 47

Orkin Exterminating Co., Inc. v. Davis, 620 S.W.2d 734 (Tex. App. - Dallas 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 37, 38, 41

P.A.M. Transport, Inc. v. Stevens Transport, Inc., 2013 Tex. App. LEXIS 9617 (Tex. App. - Dallas) . . . . . . . . . . . . . . . . . . . . . . . . 32

Patino v. Complete Tire, Inc., 158 S.W.3d 655 (Tex. App. - Dallas 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Petras v. Criswell, 248 S.W.3d 471 (Tex. App. - Dallas 2008) . . . . . . . . . . . . . . . 24

Phan Son Van v. Pena, 990 S.W.2d 751 (Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . 24

Pony Express Courier Corp. v. Morris, 921 S.W.2d 817 (Tex. App. - San Antonio 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Pounds v. Jurgens, 296 S.W.3d 100 (Tex. App. - Houston [14th Dist.] 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Praytor v. Ford Motor Co., 97 S.W.3d 237 (Tex. App. - Houston [14th Dist.] 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 50, 51, 52

Risinger v. Shuemaker, 160 S.W.3d 84 (Tex. App. - Tyler 2004) . . . . . . . . . . . . . 32

R. M. Dudley Constr. Co., Inc. v. Dawson, 258 S.W.3d 694 (Tex. App. - Waco 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Rudolph v. ABC Pest Control, Inc., 763 S.W.2d 930 (Tex. App. -
    San Antonio 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 33

Segovia v. Skyline Place Dallas, LLC, 2013 Tex. App. LEXIS 9685
    (Tex. App. - Dallas) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Smith v. Christley, 755 S.W.2d 525 (Tex. App. - Houston [14th Dist.]
    1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22

Smith v. Sewell, 858 S.W.2d 350 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . 48, 49

Smith v. Sw. Bell Teleph. Co., 101 S.W.3d 698 (Tex. App. - Fort
    Worth 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42, 43

Stewart v. Sanmina-SCI Corp., 156 S.W.3d 198 (Tex. App. - Dallas
    2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45, 46

Strakos v. Gehring, 360 S.W.2d 787 (Tex. 1962) . . . . . . . . . . . . . . . . . . . . . 33

Stone v. Sulak, 994 S.W.2d 348 (Tex. App. - Austin 1999) . . . . . . . . . . . . . . . 32

Strong v. Strong, 350 S.W.3d 759 (Tex. App. - Dallas 2011) . . . . . . . . . . . . . . 22

Sutton v. Helwig, 2013 Tex. App. LEXIS 14045 (Tex. App. - Fort
    Worth) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Tex. Dep't of Public Safety v. Boswell, 2007 Tex. App. LEXIS 7152
    (Tex. App. - Corpus Christi) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Tex. Dep't of Transp. v. Banda, 2010 Tex. App. LEXIS 10316 (Tex.
    App. - Austin 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 36, 41, 42

Tex. Hwy. Dep't v. Broussard, 615 S.W.2d 326 (Tex. App. - Fort
    Worth 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

Thompson v. Kawasaki Motors Corp., U.S.A., 824 S.W.2d 212 (Tex.
    App. - Dallas 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22

Ticor Title Ins. Co. v. Lacy, 803 S.W.2d 265 (Tex. 1991) . . . . . . . . . . . . . . . 20, 21, 22

Trail Enterprises, Inc. v. City of Houston, 957 S.W.2d 625 (Tex. App. -
    Houston [14th Dist.] 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Travis v. City of Mesquite, 830 S.W.2d 94 (Tex. 1992) . . . . . . . . . . . . . . . . . . 33

Venetoulias v. O'Brien, 909 S.W.2d 236 (Tex. App. - Houston [14th
    Dist.] 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Volkswagen of Am., Inc. v. Ramirez, 159 S.W.3d 897 (Tex. 2004) . . . . . . . . . . . 49

Walgreen-Tex. Co. v. Shivers, 154 S.W.2d 625 (Tex. 1941) . . . . . . . . . . . . . . . . 30

Walter v. Box, 2007 Tex. App. LEXIS 3191 (Tex. App. - Beaumont) . . . . . . . . . . 47

Waltrip v. Bilbon Corp., 38 S.W.3d 873 (Tex. App. - Beaumont 2001) . . . . . . . . 43

Weidner v. Sanchez, 14 S.W.3d 353 (Tex. App. - Houston [14th Dist.]
    2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Westberry v. Gislaved Gummi AB, 178 F.3d 257 (4th Cir. 1999) . . . . . . . . . . . 50, 51

Williford v. Masten, 521 S.W.2d 878 (Tex. Civ. App. - Amarillo 1975) . . . . . . . . 29

Wyckoff v. Geo. C. Fuller Contracting Co., 357 S.W.3d 157 (Tex.
    App. - Dallas 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## PUBLICATIONS AND TREATISES

Raupp, THE MULTIPLICATION OF INDIVISIBLE INJURY, 90 Tex.
    L. Rev. 259 (Nov., 2011 ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 55

RESTATEMENT (SECOND) OF TORTS §431 cmt. a(1965) . . . . . . . . . . . . . 31

TEX. CIV. PRAC. & REM. CODE ANN. §33.001 . . . . . . . . . . . . . . . . . . . 48, 55

TEX. CIV. PRAC. & REM. CODE ANN. §33.003 . . . . . . . . . . . . . . . . . . . 29, 48, 49

TEX. CIV. PRAC. & REM. CODE ANN. §33.003(a) . . . . . . . . . . . . . . . . . . . 48

TEX. CIV. PRAC. & REM. CODE ANN. §33.003(a)(4) . . . . . . . . . . . . . . . . . . . 44

TEX. CIV. PRAC. & REM. CODE ANN. §33.003(b) . . . . . . . . . . . . . . . . . . . 44, 48

TEX. REV. CIV. STAT. ANN. art. 6701d, §61 . . . . . . . . . . . . . . . . . . . 27

## RULES AND STATUTES

TEX. R. APP. PROC. 25.1(c) . . . . . . . . . . . . . . . . . . . 26

TEX. R. APP. PROC. 44.1 . . . . . . . . . . . . . . . . . . . 22

TEX. R. APP. PROC. 44.1(a)(1) . . . . . . . . . . . . . . . . . . . 57

TEX. R. APP. PROC. 43.2(c) . . . . . . . . . . . . . . . . . . . 57

TEX. R. APP. PROC. 43.2(d) . . . . . . . . . . . . . . . . . . . 57

TEX. R. APP. PROC. 43.3 . . . . . . . . . . . . . . . . . . . 57

TEX. R. CIV. PROC. 166a(c) . . . . . . . . . . . . . . . . . . . 23, 46, 56

TEX. R. CIV. PROC. 166a(i) . . . . . . . . . . . . . . . . . . . 45, 46

TEX. R. CIV. PROC. 277 . . . . . . . . . . . . . . . . . . . 54

TEX. R. EVID. 803(4) . . . . . . . . . . . . . . . . . . . 38

TO THE HONORABLE JUSTICES OF THIS COURT OF APPEALS:

COMES NOW Appellant RUBEN MONREAL, who files this his Brief and respectfully shows the following:

## STATEMENT OF THE CASE

On February 17, 2010, Appellant was driving northbound in the center lane of Stemmons Freeway in Dallas, Texas and had to bring his car to a stop because the car in front of him driven by Labertano Martinez came to a stop. C.R. at 12 & 187-95. Pickup trucks driven, respectively, by John Byron Wolfe, Jr. and Juan Jaquez were behind Appellant's vehicle in that lane of northbound Stemmons Freeway, as was the tractor-trailer driven by Appellee. *Id.* at 187-97. Appellant's car was either rear-ended and pushed into the rear of Mr. Martinez's car and then rear-ended a second time; Appellant merely felt two impacts from Mr. Jaquez's pickup after Appellee collided into the rear of Mr. Wolfe's pickup, causing a chain collision; or Mr. Jaquez's pickup was rear-ended twice in that chain collision and pushed into the rear of Appellant's car two different times. *Id.* at 34, 78, 101, & 104 at p. 79. Appellant filed negligence claims and causes of action against Appellee, Mr. Jaquez, and Mr. Wolfe. *Id.* at 11-18. Appellee then filed a summary judgment, and Appellant responded to it. *Id.* at 33-126. The trial court then struck the interrogatory answers of Mr. Wolfe and Mr. Jaquez filed by Appellant in opposition to Appellee's summary

judgment motion, granted Appellee's motion, and severed Appellant's claims and causes of action against Appellee into Cause No. Cc-14-02331-d. *Id.* at 8-10 & 205; App. 1-2 & 4. This appeal involves whether the trial court abused its discretion when it struck those interrogatory answers and granted Appellee's summary judgment motion. C.R. at 202-05.

## ISSUES PRESENTED

I.     The trial court abused its discretion when it granted Appellee's objection to other Defendant's interrogatory answers filed by Appellant in opposition to Appellee's summary judgment motion . . . . . . . . 19

II.    The trial court committed reversible error when it granted Appellee's summary judgment motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

       A.    The trial court committed reversible error when it failed to find that Appellant produced more than a scintilla of competent evidence that Appellee's negligent conduct proximately caused Appellant's injuries. . . . . . . . . . . . . . . . . . . . . . . 24

       B.    The trial court committed reversible error when it failed to find that Appellee failed to conclusively prove that his conduct did not proximately cause Appellant's injuries . . . . . . . . 28

STATEMENT OF THE FACTS

On February 17, 2010, Appellant was driving northbound in the center lane of Stemmons Freeway in Dallas, Texas and had to bring his car to a stop because the car in front of him driven by Labertano Martinez came to a stop. C.R. at 12 & 187-95. Pickup trucks driven, respectively, by John Byron Wolfe, Jr. and Juan Jaquez were behind Appellant's vehicle in that lane of northbound Stemmons Freeway, as was the tractor-trailer driven by Appellee. *Id.* at 187-97. Appellant's car was either rear-ended and pushed into the rear of Mr. Martinez's car and then rear-ended a second time; Appellant merely felt two impacts from Mr. Jaquez's pickup after Appellee collided into the rear of Mr. Wolfe's pickup, causing a chain collision; or Mr. Jaquez's pickup was rear-ended twice in that chain collision and pushed into the rear of Appellant's car two different times. *Id.* at 34, 78, 101, & 104 at p. 79. When the ambulance arrived at the scene, Appellant's lower right leg "was bleeding;" his "left knee was hurting;" and his "car . . . was" undrivable. *Id.* at 102 at pp. 46-48. Shortly after that collision, the "pain in" his "knee started up more," and he started having "pain . . . [i]n" his "back and . . . neck and shoulders." *Id.* at 56. His treating physician testified that, "based upon a reasonable medical probability;" Appellant sustained a "lateral meniscus tear" in his left knee for which he needs an "arthroscopy" as "reasonable and necessary . . . treatment of the injuries" he sustained

in, and which were caused by, that February 17, 2010 chain collision. *Id.* at 119 & 122-23.

Appellant filed negligence claims and causes of action against Appellee, Mr. Jaquez, and Mr. Wolfe. *Id.* at 11-18. Appellee then filed a summary judgment motion challenging that the causation element of Appellant's claims and causes of action against him on both traditional and no-evidence grounds. *Id.* at 33-41. Appellant then filed his summary judgment response, which attached Mr. Jaquez's and Mr. Wolfe's interrogatory answers to prove that neither of them was rear-ended nor rear-ended the vehicle in front of him until Appellee rear-ended Mr. Jaquez's pickup. *Id.* at 75, 78, 80, & 83-89. The trial court then struck Mr. Wolfe's and Mr. Jaquez's interrogatory answers "from the summary judgment record," granted Appellee's summary judgment motion, denied Appellant's motion for reconsideration, and severed Appellant's claims and causes of action against Appellee into Cause No. cc-14-02331-d. *Id.* at 8-10 & 202-07; App. 1-4. Appellant filed his notice of appeal on May 29, 2014. C.R. at 4-5.

This appeal involves whether the trial court abused its discretion when it struck those interrogatory answers and granted Appellee's summary judgment motion. C.R. at 205.

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion when it struck Mr. Jaquez's and Mr. Wolfe's interrogatory answers from the summary judgment record and committed reversible error when it granted Appellee's motion and dismissed all claims asserted by Appellant against Appellee. C.R. at 202-05; App. 1-2.

## ARGUMENT AND AUTHORITIES

"'Texas courts generally employ the abuse of discretion standard . . . when a matter involving both factual determinations and legal conclusions is decided by the trial court.'" *De la Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App. - San Antonio 1998, pet. dism'd), *quoting Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex. App. - San Antonio 1996, no writ)(*per curiam*)(citations omitted). That is certainly true with regard to Appellee's summary judgment motion, which the trial court granted, and Appellee's objections to evidence attached to Appellant's response in opposition to that motion, two of which the trial court sustained. C.R. at 33-41, 75-89, 128-32, & 202-05; App. 1-2.

However, this Court of Appeals holds, "We review a summary judgment de novo." *Wyckoff v. Geo. C. Fuller Contracting Co.*, 357 S.W.3d 157, 162 (Tex. App. - Dallas 2011, no pet.), *citing Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied, Fernandez v. Frost Nat'l Bank*, 131 S. Ct. 1017 (2011).

I.    The trial court abused its discretion when it granted Appellee's objection to other Defendants' interrogatory answers filed by Appellant in opposition to Appellee's summary judgment motion.

Defendant Robert Edison's Interrogatory No. 18 asks Mr. Jaquez to "generally describe how the incident occurred," and Mr. Jaquez answered, "I was going home from work. I was stopped completely and then rear-ended which forced me into the car in front of me." C.R. at 83-84. Interrogatory No. 21 asks Mr. Jaquez "[w]hat action" he took "to avoid the incident," to which he replied, "None. I was stopped when I was rear-ended by the vehicle traveling behind me." *Id.* at 84-85. When he was then asked in Interrogatory No. 19 "[w]hich, if any, vehicles" his "vehicle" made "physical contact with at the time of the incident," Mr. Jaquez stated, "My vehicle was rear-ended by the vehicle being driven by John Wolfe, which caused me to rear-end the vehicle being driven by" Appellant. *Id.* at 84. Mr. Jaquez verified all of his interrogatory answers under oath. *Id.* at 86.

In response to Mr. Edison's Interrogatory Nos. 18-19, Mr. Wolfe stated, "I was traveling in the center lane, behind three other vehicles on IH 35E and Commerce in Dallas, Dallas County, Texas. Traffic was heavy and congested. The vehicle operated by" Appellee "was unable to bring his flatbed and vehicle to a stop. As a result," Appellee "made contact with the rear of my vehicle causing a chain reaction. I was at home and was headed to work when the accident occurred. Also, see the

police report . . ." *Id.* at 87-89.

In his response to Appellee's motion, Appellant cited to Mr. Wolfe's interrogatory answer to prove that Appellee's failure "to bring his flatbed and vehicle to a stop" resulted in his tractor-trailer rig rear-ending Mr. Wolfe's pickup and "causing the chain" collision. *Id.* at 78, 80, & 89. Appellant also cited to Mr. Jaquez's interrogatory answers to prove that he had "completely . . . stopped" his pickup behind Appellant's car when his pickup "was rear-ended by" Mr. Wolfe's pickup and "forced . . . into the" rear of Appellant's "car . . ." *Id.* at 78, 80, & 84-85.

In his Objections and Motion to Strike Appellant's Summary Judgment Evidence, Appellee argued that Mr. Jaquez's and Mr. Wolfe's interrogatory answers may only be used against them and not against Appellee. *Id.* at 128-30.

Appellant responded to Appellee's Objections and Motion to Strike Mr. Wolfe's and Mr. Jaquez's interrogatory answers by explaining that they should be overruled because the Texas Supreme Court holds, "'A party must be able to rely on the interrogatories or answers of other parties in the same suit. Otherwise a multiparty case would require redundant interrogatories with identical questions and answers.'" *Ticor Title Ins. Co. v. Lacy*, 803 S.W.2d 265, 266 (Tex. 1991)(*per curiam*), *quoting Smith v. Christley*, 755 S.W.2d 525, 530 (Tex. App. - Houston [14th Dist.] 1988, writ denied); C.R. at 176 & 180. This Court of Appeals even recognized

that holding in a 1991 decision. *Thompson v. Kawasaki Motors Corp., U.S.A.*, 824 S.W.2d 212, 217 (Tex. App. - Dallas 1991), *rev'd on other grounds, Kawasaki Motors Corp., U.S.A. v. Thompson*, 872 S.W.2d 221 (Tex. 1994), *citing Ticor Title Ins. Co. v. Lacy*, 803 S.W.2d at 266 and *Smith v. Christley*, 755 S.W.2d at 530.

This Court of Appeals reviews "a party's objections to summary judgment evidence" and the trial court's evidentiary decisions "under an abuse of discretion standard." *Segovia v. Skyline Place Dallas, LLC*, 2013 Tex. App. LEXIS 9685, 5 (Tex. App. - Dallas, no pet.)(memo. opin.), *citing Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527-28 (Tex. 2000). Texas appellate courts hold, "A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case." *R. M. Dudley Constr. Co., Inc. v. Dawson*, 258 S.W.3d 694, 706 (Tex. App. - Waco 2008, pet. filed), *citing Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). The Supreme Court explains, "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex 2001).

Based upon the holdings in the Supreme Court's *Lacy* and *Christley* opinions and this Court of Appeals' *Thompson* opinion, this Court of Appeals should find that

the trial court abused its discretion when it sustained Appellee's objections to Mr. Jaquez's and Mr. Wolfe's interrogatory answers and struck them from the summary judgment record. *Ticor Title Ins. Co. v. Lacy*, 803 S.W.2d at 266, *quoting Smith v. Christley*, 755 S.W.2d at 530; *Thompson v. Kawasaki Motors Corp., U.S.A.*, 824 S.W.2d at 217, *citing Ticor Title Ins. Co. v. Lacy*, 803 S.W.2d at 266 and *Smith v. Christley*, 755 S.W.2d at 530; C.R. at 203; App. 1.

This Court of Appeals should also find that the trial court's "erroneous" striking of this "evidence" from Appellant's response to Appellee's motion was **not** "harmless" because . . . it" was **not** "merely cumulative." *Strong v. Strong*, 350 S.W.3d 759, 764 (Tex. App. - Dallas 2011, no pet.), *citing Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) and *In re C.R.*, 263 S.W.3d 368, 370-71 (Tex. App. - Dallas 2008, no pet.).

In addition, this Court of Appeals holds, "We may reverse a trial court's judgment based on an error in the admission or exclusion of evidence only if we conclude that the trial court made an error of law that probably caused the rendition of an improper judgment." *In the Int. of A.P.M.*, 2012 Tex. App. LEXIS 4586, 4 (Tex. App. - Dallas, memo. opin., no pet.), *citing* TEX. R. APP. PROC. 44.1 and *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 863 (Tex. App. - Dallas 2006, no pet.). Texas appellate courts explain that "'it is not necessary for the complaining party to

prove that "but for" the exclusion of evidence, a different judgment would necessarily have resulted,'" and "[t]he complaining party must only show 'that the exclusion of evidence probably resulted in the rendition of an improper judgment.'" *Loera v. Fuentes*, 408 S.W.3d 46, 53 (Tex. App. - El Paso 2013, pet. filed), *quoting McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992).

The trial court's failure to overrule Appellee's objection to Mr. Wolfe's and Mr. Jaquez's interrogatory answers "probably caused the rendition of an improper" granting of Appellee's "summary judgment" motion because that evidence which was stricken from the summary judgment record demonstrates that Appellee could not meet his "burden" in his traditional motion to conclusively prove "as a matter of law . . . that no genuine issue of material fact exists" regarding his failure to control the speed of the tractor-trailer rig which he was driving and colliding it into the rear of Mr. Wolfe's pickup and whether his conduct was the only reason Appellant's car got rear-ended twice in the 5-vehicle chain collision on February 17, 2010 and the only reason Appellant sustained any injuries in that collision. *Id.*; C.R. at 83-89; *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d 300, 303 (Tex. App. - Dallas 2004, pet. denied), *citing* TEX. R. CIV. PROC. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In other words, "[t]o establish that it is entitled to summary judgment on causation," Appellee had to "conclusively negate proximate cause," and

Mr. Jaquez's and Mr. Wolfe's interrogatory answers clearly prevent that. *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 303, *citing Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex. 1999); C.R. at 83-89.

This Court of Appeals, accordingly, should find that Appellant "met" his "burden . . . to put forth . . . argument with respect to how the trial court's ruling" and on Appellee's objections to Appellant's evidence in opposition to Appellee's motion "probably resulted in an improper judgment on" Appellee's "summary judgment" motions and that Appellant thereby established "reversible error in connection with the trial court's" ruling on Appellee's "objections" to the Exhibits A and B attached to Appellant's summary judgment response. *Petras v. Criswell*, 248 S.W.3d 471, 477-78 (Tex. App. - Dallas 2008, no pet.); App. 1.

II.    The trial court committed reversible error when it granted Appellee's summary judgment motion.

      A.    The trial court committed reversible error when it failed to find that Appellant produced more than a scintilla of competent evidence that Appellee's negligent conduct proximately caused Appellant's injuries.

Since Appellee's "no-evidence motion for summary judgment asserts there is no evidence of one . . . essential element of a claim on which" Appellant "would have the burden of proof at trial," Appellant merely "must present evidence that raises a genuine issue of material fact on" that "challenged" element. *Hair v. Church & Dwight Co., Inc.*, 2004 Tex. App. LEXIS 6451, 3-4 (Tex. App. - Dallas,

no pet.)(memo. opin.), *citing Gen. Mills Rest. Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App. - Dallas 2000, no pet.). This Court of Appeals holds, "In determining whether" Appellant "has met" his "burden, we review the evidence in the light most favorable to" Appellant "and resolve all doubts in" his "favor." *Hair v. Church & Dwight Co., Inc.*, 2004 Tex. App. LEXIS 6451 at 4, *citing Gen. Mills Rest. Inc. v. Tex. Wings, Inc.*, 12 S.W.3d at 833.

The trial court did not sustain Appellee's objection to the plain photocopy of the crash report attached to Appellant's summary judgment response as Exhibit C or Appellee's objection to the two pages of Appellant's medical records attached to the affidavit from the custodian of records for Injury Institute of Texas contained in Appellant's Exhibit E. C.R. at 90-97, 109-12, 128-31, & 202-03; App. 1. From the Order on those Objections and Motion to Strike, it is reasonable to infer that the trial court overruled those two objections of Appellee and granted Appellant leave to file a sworn copy of that crash report in place of the plain copy contained in his Exhibit C. C.R. at 180, 182- & 202-03; App. 1. Without an Order striking the sworn copy of that crash report and/or Appellant's Exhibit E, that evidence remained part of the summary judgment record when the trial court granted Appellee's motion. C.R. at 204-05; App. 2.

By not filing a notice of appeal regarding the trial court's failure to sustain his

objections to Appellant's Exhibits C and E, it is too late for Appellee to argue that this Court of Appeals should find that the sworn copy of that crash report or Appellant's Exhibit E are incompetent summary judgment evidence, as Appellee thereby cannot "seek greater relief than that afforded in the" trial court's "judgment." *Pounds v. Jurgens*, 296 S.W.3d 100, 110 n. 14 (Tex. App. - Houston [14th Dist.] 2009, pet. denied), *citing* TEX. R. APP. PROC. 25.1(c).

The Report Narrative in the crash report states that Mr. Martinez, Appellant, Mr. Jaquez, and Mr. Wolfe were all stopped in their vehicles in the northbound, center lane of Interstate 35 East "due to traffic congestion," when the tractor-trailer rig being driven by Appellee "failed to stop in time hitting the back of" Mr. Wolfe's pickup, "pushing" Mr. Wolfe's pickup "into" Mr. Jaquez's pickup, down the chain and ending with Appellant's car being pushed "into" Mr. Martinez's car. C.R. at 195. That crash report lists no "Contributing" or "May Have" contributed factor to that collision for any of those drivers, except for Appellee. *Id.* at 188-93. The code number "44" listed on page 1 of 4 is, according to the attached Code Sheet, for "Followed Too Closely." *Id.* at 193 & 197.

Texas appellate courts hold, "By the common law," it "is the duty of anyone operating a vehicle upon the public highway to maintain such a clear distance behind the preceding vehicle traveling in the same direction so that should the necessity arise

he will be able to slow down or even stop without colliding with the preceding vehicle and that it not be necessary to veer to either the right or left. When such an event has occurred and there is inability to stop in this manner, the operator is guilty of negligence both at common law and under the" applicable "statute[, which is now in the Texas Transportation Code . . . Following too closely may be 'excusable negligence,' but it is negligence nevertheless, . . ." *Tex. Hwy. Dep't v. Broussard*, 615 S.W.2d 326, 329 (Tex. App. - Fort Worth 1981, writ ref'd n.r.e.), *citing* TEX. REV. CIV. STAT. ANN. art. 6701d, §61(1977).

Appellee's Interrogatory No. 3 contained in the Exhibit A attached to his summary judgment motion asked Appellant to "state specifically and completely the manner in which" Appellant "alleges" that Appellee "was responsible for or caused any such damages or injuries to" Appellant, who responded that Appellee "failed to control his speed, failed to pay proper attention, and followed too closely" and then added that Appellee failed "to keep such a look out as a person or ordinary prudence would have kept under the circumstances;" failed "to apply the brakes to the vehicle in order to avoid the" collision; failed "to maintain an assured clear distance between his vehicle and the vehicles involved in the collision, considering the speed of the vehicles, traffic, and the conditions of the highway;" and failed "to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid" the collision.

C.R. at 42-46.

Texas appellate courts hold, "To establish causation, a plaintiff must prove the defendant's conduct caused" or contributed to "an event and that event caused the plaintiff to suffer compensable damages." *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex. App. - Houston [14th Dist.] 2002, no pet.), *citing Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). Texas appellate courts add, "The causal link between the event sued upon and the plaintiff's injuries must be shown by competent evidence." *Praytor v. Ford Motor Co.*, 97 S.W.3d at 241, *citing Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). This Court of Appeals hold, "Lay testimony can be sufficient to raise a fact question on proximate cause if general experience and common sense will allow a lay person to fairly determine causation." *Hair v. Church & Dwight Co., Inc.*, 2004 Tex. App. LEXIS 6451 at 5, *citing Praytor v. Ford Motor Co.*, 97 S.W.3d at 241. This Court of Appeals adds that "the evidence presented must show a reasonable probability that" Appellant's "injuries were caused by the collision in question" and that "[t]he question is whether from" only lay "testimony a jury could conclude that his injuries were caused with reasonable probability by the [collision]. The answer to this question depends upon the nature of his injuries." *Orkin Exterminating Co., Inc. v. Davis*, 620 S.W.2d 734, 736 (Tex. App. - Dallas 1981, writ ref'd n.r.e.).

During his deposition, Appellant confirmed that "Mr. Jaquez was driving the Dodge pickup directly behind" his car and that Mr. Jaquez "came to a stop behind" his car "without hitting" it. C.R. at 104 at p. 79. Appellant then testified that "Mr. Jaquez was hit again and pushed a second time into" his car. *Id.* This Court of Appeals also holds, "To resolve conflicts and inconsistencies in the testimony of a witness or between witnesses is in the province of the jury;" therefore, "the jury may accept a part of the testimony of any witness without accepting it all." *Haney Elec. Co. v. Hurst*, 624 S.W.2d 602, 609 (Tex. App. - Dallas 1981, writ granted w/out any subsequent opin.), *citing Biggers v. Continental Bus Sys., Inc.*, 303 S.W.2d 359, 365 (Tex. 1957); *Clodfelter v. Martin*, 562 S.W.2d 491, 493 (Tex. Civ. App. - Corpus Christi 1977, no writ); *Williford v. Masten*, 521 S.W.2d 878, 890 (Tex. Civ. App. - Amarillo 1975, writ ref'd n.r.e.); and *City of Center v. Roberts*, 469 S.W.2d 27, 30 (Tex. Civ. App. - Tyler 1971, writ ref'd n.r.e.). *See also* C.R. at 179.

In *Biaggi*, this Court of Appeals noted, "If the negligence of both parties proximately caused the injuries, then the parties' relative share of responsibility would have to be determined." *Biaggi v. Patrizio Rest. Inc.*, 149 S.W.3d at 303, *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.003(Vernon Supp. 2004). Accordingly, if this Court of Appeals finds that the jury could reasonably believe that both Mr. Wolfe and Appellee contributed to the injuries which Appellant sustained

in the collision, this Court of Appeals should conclude that the trial court erred when it granted Appellee's summary judgment motion and reverse and remand for a new trial.

Accordingly, Appellee owed Appellant at least the duties to drive that tractor-trailer with "reasonable care" and "to keep a proper lookout," which "encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 253 (Tex. 2008); *Carney v. Roberts Investment Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App. - Tyler 1992, writ denied), *citing Hatcher v. Mewbourn*, 457 S.W.2d 151, 152 (Tex. Civ. App. - Texarkana 1970, writ ref'd n.r.e.).

This Court of Appeals holds, "Negligence is that conduct which creates an unreasonable risk of harm to others." *Lewis & Lambert Metal Contractors, Inc. v. Jackson*, 914 S.W.2d 584, 590 (Tex. App. - Dallas 1994), *vacated pursuant to settlement*, 938 S.W.2d 716 (Tex. 1997), *citing Walgreen-Tex. Co. v. Shivers*, 154 S.W.2d 625, 631 (Tex. 1941).

Accordingly, Appellee violated his "duty . . . to exercise reasonable care" while driving that tractor-trailer prior to and at the time of the multi-vehicle collision on February 17, 2010. *Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d at 253.

Texas appellate courts hold, "Proximate cause is comprised or two elements – cause in fact and foreseeability" and that "[c]ause in fact is established when the act or omission was a substantial factor in bringing about the occurrence, and without it, the event would not have occurred." *Block v. Mora*, 314 S.W.3d 440, 446 (Tex. App. - Amarillo 2009, pet. dism'd), *abrogated on other grounds, Thota v. Young*, 366 S.W.3d 678 (Tex. 2012), *citing IHS Cedars Treatment Ctr. of DeSoto v. Mason*, 143 S.W.3d 794, 799 (Tex. 2003); *Leitch v. Hornsby*, 935 S.W.2d 114, 118-19 (Tex. 1996); and *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex. 1987). From the foregoing evidence, this Court of Appeals should find that "a jury" could "reasonably find" that Appellee "bore a substantial portion of the responsibility for the injuries caused by" he colliding the tractor-trailer which he was driving into Mr. Wolfe's pickup truck and causing a chain collision into the rear of Appellant's car. *Longoria v. Graham*, 44 S.W.3d 671, 675 (Tex. App. - Houston [14th Dist.] 2001, no pet.), *quoting Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991), *quoting* RESTATEMENT (SECOND) OF TORTS §431 cmt. a(1965).

Texas appellate courts hold that, "to establish breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise

of ordinary care." *Aguirre v. Vasquez*, 225 S.W.3d 744, 757 (Tex. App. - Houston [14th Dist.] 2007, no pet.), *citing Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App. - Dallas 2004, pet. denied). Texas appellate courts also hold, "The resolution of a defendant's possible breach of duty is a question of fact." *Id.*

This Court of Appeals merely adds, "A rear-end collision may be some evidence of negligence of the rear-ending driver, but it does not constitute conclusive proof." *P.A.M. Transport, Inc. v. Stevens Transport, Inc.*, 2013 Tex. App. LEXIS 9617, 4-5 (Tex. App. - Dallas, no pet.)(memo. opin.), *citing Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App. - Houston [1st Dist.] 2009, no pet.); *Risinger v. Shuemaker*, 160 S.W.3d 84, 90 (Tex. App. - Tyler 2004, pet. denied); and *Stone v. Sulak*, 994 S.W.2d 348, 351 (Tex. App. - Austin 1999, no pet.).

This Court of Appeals also holds that "proximate cause is typically a question of fact." *Coleman v. Equitable Real Estate Investment Mgmt, Inc.*, 971 S.W.2d 611, 617 (Tex. App. - Dallas 1998, pet. denied), *citing Lear Siegler, Inc. v. Perez*, 819 S.W.2d at 471-72 and *Bel-Ton Elec. Serv., Inc. v. Pickle*, 877 S.W.2d 789, 795 (Tex. App. - Dallas 1994), *reversed on other grounds*, 915 S.W.2d 480 (Tex. 1996). Consequently, this Court of Appeals additionally holds, "The question of proximate cause is normally one for the jury." *Caldwell v. Curioni*, 125 S.W.3d at 793, *citing Rudolph v. ABC Pest Control, Inc.*, 763 S.W.2d 930, 933 (Tex. App. - San Antonio

1989, writ denied). Texas appellate courts more clearly hold, "The determination of proximate cause . . . is a question for the finder of fact." *Venetoulias v. O'Brien*, 909 S.W.2d 236, 241 (Tex. App. - Houston [14th Dist.] 1995, writ dism'd), *citing El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987).

Additionally, "[p]roximate cause may be proven by either direct or circumstantial evidence, . . ." *Brookshire Grocery Co. v. Goss*, 208 S.W.3d 793, 795 (Tex. 2008)(*per curiam*), *citing Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); and *Loram Maint. of Way, Inc. v. Ianni*, 141 S.W.3d 722, 733 (Tex. App. - El Paso 2004, no pet.).

The Supreme Court even holds, "More than one act may be the proximate cause of the same injury." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 784 (Tex. 2001), *citing Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992) and *Brookshire Bros., Inc. v. Lewis*, 911 S.W.2d 791, 793 (Tex. App. - Tyler 1995, writ denied). Likewise, the Supreme Court holds "all persons whose acts contributed to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other." *Strakos v. Gehring*, 360 S.W.2d 787, 794 (Tex. 1962), *citing Atchison v. Texas & P. Ry. Co.*, 186 S.W.2d 228, 231 (Tex. 1945).

Regardless, this Court of Appeals holds, "The plaintiff is entitled to recover

damages only for those injuries caused by the event that is the basis of the lawsuit."
*Byrd v. Delasancha*, 195 S.W.3d 834, 839 (Tex. App. - Dallas 2006, no pet.), *citing Morgan v. Compugraphic Corp.*, 675 S.W.2d at 732.

In response to Appellee's Interrogatory No. 10, Appellant answered, "Excluding the injuries" he is "claiming in this lawsuit," he "has" not "received . . . an injury or unusual physical condition or ailments . . . that required medical attention . . ." C.R. at 47-48. However, his "collarbone" was broken "many years ago" in "a car accident . . . in Mexico . . . when" he was "about 13" years old, and he went to "a hospital . . . because of a stomach infection . . . about 14 years ago.". *Id.* at 103 at p. 76 & 104 at p. 77. He was in "a hit-and-run, . . . accident . . . in 2010," in which he was not "hurt, and "a passenger" in a collision "in 1996," in which he sustained "a bit of a neck injury, but it resolved itself." *Id.* at 103 at p. 75. Appellant testified that he has "been involved in . . . [n]o . . . other accidents" or collisions "[s]ince February of 2010, . . ." *Id.* at 104 at p. 77.

Regarding the injuries he sustained in the collision, Appellant gave conflicting testimony during his deposition. When he was asked about "[t]he first" impact and his "car" being "knocked . . . into the car in front of" him, Appellant replied, "I don't know," when asked if he was "injured . . . [w]hen that happened, . . ." *Id.* at 55. He gave the same response when asked if he was "injured in the second impact . . . two

or three seconds later, . . ." *Id.* Even though Appellant also "[d]id" not "tell . . . the paramedics . . . that" he was "hurt," that was obviously not the truth because, after "an ambulance showed up" at the scene, he showed the paramedics "that" he "needed some kind of medical assistance . . . [b]ecause I had blood here on my . . . right" lower leg, as he "had skinned" his "shin" in that collision "and it was bleeding." *Id.* at 102 at pp. 45-46. When the paramedics then asked "if" he "had any other injuries or any other hurts," Appellant told "them . . . [t]hat my . . . left knee . . . was hurting" by pointing "to" it. *Id.* at 102 at p 47. Appellant added that he "wasn't able to . . . tell them . . . anymore" about his injuries "[b]ecause I don't speak English." *Id.*

Appellant also testified that "the car" which he was "driving . . . was no good anymore" after the collision and had to be towed from "the scene" and that his "brother . . . came and" drove him home. *Id.* at 102 at p. 48. However, he "went home . . . [o]nly long enough to change" his "clothes" and then drove his "truck" to his "attorney's office," and then "went to the chiropractor at Injury Institute of Texas . . . to go get checked out." *Id.* at 56. He explained that he knew that "attorney . . . [b]ecause of television" and that he went to that "clinic . . . [b]ecause that's when my pain in my knee started up more" and because he also had "pain . . . [i]n my back and my neck and shoulders." *Id.*

Texas appellate courts recognize, "Lay testimony can, . . . prove 'the existence

and nature of certain basic conditions,' given 'proof of a logical sequence of events, and temporal proximity between an occurrence and the conditions' ... In the context of an automobile accident," such "lay testimony . . . can support a finding of causation provided that such conditions

(1)     are within the common knowledge and experience of laypersons,
(2)     did not exist before the accident,
(3)     appeared after and close in time to the accident, and
(4)     are within the common knowledge and experience of laypersons, caused by automobile accidents.

*Tex. Dep't of Transp. v. Banda*, 2010 Tex. App. LEXIS 10316, 10 (Tex. App. - Austin 2010, pet. denied)(memo. opin.), *quoting Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). As in *Banda*, this Court of Appeals should "conclude that" Appellant's "testimony about the" collision, "the treatment he received, and the pain and incapacity he had immediately thereafter is legally sufficient evidence to prove that the injuries he complained of at that time were caused by the" collision and that Appellant's "testimony supports" the requisite causal nexus between the collision and "at least part of" his "past medical treatment, pain and suffering, and physical impairment." *Tex. Dep't of Transp. v. Banda*, 2010 Tex. App. LEXIS 10316 at 13-14, *citing Guevara v. Ferrer*, 247 S.W.3d at 667. This Court of Appeals likewise holds, "The fact that the testimony of causation comes from the injured party alone does not prevent it from having probative force if given credit by the jury." *Byrd v.*

*Delasancha*, 195 S.W.3d at 837, *citing Fid. & Guar. Ins. Underwriters, Inc. v. La Rochelle*, 587 S.W.2d 493, 496 (Tex. App. - Dallas 1979, writ dism'd).

Appellant admitted that he did not "tell the police officer" who came to the scene of the collision that he was "injured," but that was likely "[b]ecause" Appellant is unable to "speak English." C.R. at 102 at pp. 45 & 47. This is confirmed by the fact that Appellant was only able to be deposed through an interpreter. *Id.* at 54, 100, &103 at p. 73.

The Final Summary Report from Injury Institute of Texas dated March 30, 2010 states that Appellant "initially presented to our facility on 02/18/10 for the purpose of evaluation and possible treatment of injuries he sustained in a motor vehicle accident occurring on 02/17/10. He vehicle was thrown forward and struck another vehicle before stopping. He was unaware of the impending collision. His body was thrown forward and backward. His bilateral knees hit on the interior of his vehicle. His pain began later the same day and has increased in intensity." *Id.* at 109-11. That report adds that Appellant "was evaluated by an orthopedic doctor, Dr. James Laughlin, for a second opinion on 03/16/2010. He was assessed with the following diagnosis: . . . Meniscal tear left knee" and a "Left knee injection . . . was recommended: . . ." *Id.* at 112. This is "expert testimony," which "connected the" collision "to the injuries found," as this Court of Appeals has previously held to be

necessary to find the requisite causation. *Orkin Exterminating Co., Inc. v. Davis*, 620 S.W.2d at 737. Texas appellate courts hold that "it is well-settled that statements made for purposes of medical diagnosis and treatment are deemed so reliable that they are excepted from the hearsay rule." *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 597 (Tex. App. - Houston [1st Dist.] 2002, pet. denied)(*en banc*), *citing* TEX. R. EVID. 803(4).

"As of March 30th, 2010," Appellant "had recovered from" his "shoulder pain, . . . neck pain," and "low back pain." C.R. at 58. However, the doctor at "the Injury Institute . . . continued to treat" his "left knee through October 29th, 2012 because Appellant "kept having trouble with" it and "sent me to have something done like . . . an MRI. It's an X-ray . . . on October the 3rd, 2012, . . . by Dr. Cheatham" because of the "knot that was on" his "knee." *Id.* at 57-58. Appellant still had "the knot on . . . the outside of" his "left knee and just a little bit below" the "kneecap" on July 19, 2013, when he was deposed, and showed it to everyone present when he was requested to do so. *Id.* at 52 & 59. Appellant had obviously been told that the MRI showed that he had a torn meniscus and a "cyst" which formed that knot, and he had not had surgery to repair that tear or remove that cyst as of the date of his deposition because that knot remained obvious, but he did not "remember "where the tear is" in his "knee . . ." *Id.* at 59.

In *Byrd*, this Court of Appeals reversed the "directed verdict on causation when plaintiff testified that she had no injuries before the accident but had them afterward and gave very specific testimony about her accident-related injuries, which were documented in the medical records admitted into evidence." *Sutton v. Helwig*, 2013 Tex. App. LEXIS 14045, 15-16 (Tex. App. - Fort Worth, no pet.)(*per curiam* memo. opin.), *citing Byrd v. Delasancha*, 195 S.W.3d at 835-38.

Appellant also testified that "the pain from" that "cyst" and his torn meniscus forced him to give up all of his "hobbies" other than his "children" and limits his ability to "work around the house," such as mowing his "yard." C.R. at 59 & 103 at pp. 73-74.

When "the test" results from that MRI were sent "back to Injury Institute, . . . they sent me to . . . Dr. Dillen." *Id.* at 57-58. During his deposition, Linden Dillin, M.D. testified that he "saw" and "examined" Appellant on "February 27[th], 2013," found that "he's got some tears in his knee," and has "written a report and it's got a summary of . . . the possible charges that may be incurred as a result of . . . future treatment for" Appellant and "that, as of today, . . . I think . . . the most reasonable prediction of . . . the cost of the first surgical procedure . . . is . . . a range of approximately $10,000 to $20,000 to treat what" he believes "is wrong with him, . . ." *Id.* at 65, 69, 71, & 115. However, Dr. Dillen added, "I think he's – his costs are

going to be towards the higher end because I believe he's going to need a . . . meniscus cyst incision," in addition to a repair of his torn meniscus by an "arthroscopy." *Id.* at 71 & 115. He added, "The meniscus cyst occurs as a result of the meniscus tear," as "[l]ateral meniscus cysts almost invariably" occur "as a rsult of a lateral meniscus tear. And in" Appellant's "case, I believe that that's what it indicates" because he has "seen these symptoms and these problems . . . [m]any times . . . before." *Id.* at 119-21. Accordingly, "based on reasonable medical probability," Dr. Dillen opines "that the arthroscopy . . . would be a reasonable and necessary procedure for the treatment of the injuries that" he has related "back to" the collision on "February 17th, 2010." *Id.* at 123.

Dr. Dillen also testified that, when he met with Appellant on February 27, 2013, Appellant "indicated to me he's 36 years old and has problems with his left knee that began at the time of a motor vehicle accident on February 17[th], 2010. He told me that at the time of" that collision, "he was a seat belted driver of a car traveling between 50 and 55 miles per hour down a highway. His vehicle was hit from . . . the rear by a truck. He wasn't able to brace for impact. It was a five-car pile-up that was started by the truck. His airbags deployed. His vehicle was totaled. He did not recollect clearly how his left knee was injured during that accident. He indicated that prior to that accident, he had never had problems with his left knee,

never had a prior injury," or "seen a doctor or missed a day's work because of his left knee problems. He indicated to me that his pain did begin at the scene of the accident and continued despite being in therapy three times a week. Frequently, since the accident, he has also undergone a single steroid injection in his knee without long-term benefit. His pain was located over the outer . . . lateral . . . side of his knee . . . and was not really associated with any mechanical symptoms other than some catching or popping, which did a couple of times a month, and that it would buckle when walking. He told me that he had seen two other doctors. The first doctor he saw did not think he needed anything interventionally performed. The second doctor, Dr. Taba, believed he needed a surgical procedure on the left knee. But he told me that Dr. Taba's practice closed during the course of his treatment, so he continued without being operated" on. *Id.* at 116-17. This is the requisite "expert testimony, based upon reasonable medical probability," which "connected the" collision "to the injuries found,;" therefore, this Court of Appeals should find that Appellant met his burden to demonstrate causation. *Orkin Exterminating Co., Inc. v. Davis*, 620 S.W.2d at 737.

In *Banda*, the Third District Court of Appeals explained that such expert "testimony" can "establish the extent or severity of the pain or impairment that" Appellant "would, with medical probability, continue to suffer as a result of those

injuries" which he sustained in the collision "after his initial treatment phase is complete. Consequently," a "jury" would have "legally sufficient evidence on which to base" its "damage awards as to" Appellant's "injuries." *Tex. Dep't of Transp. v. Banda*, 2010 Tex. App. LEXIS 10316 at 14.

However, Dr. Dillen admits, "In this case," he cannot "tell the jury" if Appellant "hurt his knee in the" first "impact when" he was "rear-ended and . . . his car" was forced "to move forward," "in the second impact when the front of his car hit the vehicle in front of him," or when he was rear-ended a second time "two or three seconds later, . . ." C.R. at 67-68. As a result, he "can't distinguish as to who was responsible for the impact," which caused Appellant' knee injury. *Id.* at 70. Likewise, "if," different people were "driving both vehicles that were behind him," Dr. Dillen "can't tell the jury in this case which individual is responsible for his knee injury, . . . because" he does not "know which one did it." *Id.* at 68. Consequently, Dr. Dillen "can't tell . . . the jury . . . whether" the "tears in" Appellant's "knee . . . were the result of what Mr. Wolfe did as opposed to what" Appellee did;" even though Dr. Dillen believes, based upon reasonable medical probability, that he sustained those tears in his knee in the February 17, 2010 collision *Id.* at 69 & 119.

As a result, this Court should find that the evidence sufficiently proves "a reasonable probability . . . that" the February 17, 2010 chain collision and Appellee's

negligent conduct at the beginning of that chain "contributed to" Appellant's "claimed injuries . . ." *Smith v. Sw. Bell Teleph. Co.*, 101 S.W.3d 698, 702 (Tex. App. - Fort Worth 2003, no pet.), *citing Waltrip v. Bilbon Corp.*, 38 S.W.3d 873, 883 (Tex. App. - Beaumont 2001, pet. denied).

In a 2002 *en banc* opinion, the First District Court of Appeals held, "A jury may decide the required causal nexus between the event sued upon and the plaintiff's injuries when

(1)     general experience and common sense will enable a lay person fairly to determine the causal nexus,
(2)     expert testimony establishes a traceable chain of causation from injuries back to the event, *or*
(3)     expert testimony shows a probable-cause nexus.

*Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d at 603(emphasis original), *citing Weidner v. Sanchez*, 14 S.W.3d 353, 370 (Tex. App. - Houston [14th Dist.] 2000, no pet.) and *Blankenship v. Mirick*, 984 S.W.2d 771, 775 (Tex. App. - Waco 1999, pet. denied). This Court should find that Appellant has provided evidence of "the required causal nexus" which falls under each of these three categories. *Id.*

In response to Appellee's Interrogatory No. 8, Appellant stated that, "as a result of the" collision "in question;" he "was unable to work for 4 days due to the injuries he sustained in this" collision, "missed 32 hours" of "work and was earning $10.50 per hour at that time, for a total of $335.00 in lost wages." C.R. at 47.

"Based on" this "record," this Court of Appeals should "conclude there" is "sufficient evidence to support the submission of" Appellee "as a responsible . . . party and to have the trier of fact determine" his "negligence and" his "proportionate responsibility for the harm claimed by" Appellant. *Tex. Dep't of Public Safety v. Boswell*, 2007 Tex. App. LEXIS 7152, 14 (Tex. App. - Corpus Christi, no pet.) (memo. opin.), *citing* TEX. CIV. PRAC. & REM. CODE ANN. 33.003(a)(4) & (b)(Vernon Supp. 2006).

The evidence cited and quoted above raises a genuine and material fact question regarding whether Appellee had a duty to exercise reasonable care while driving the tractor-trailer to act as a reasonably prudent driver of a commercial vehicle on February 17, 2010 would have done under the same or similar circumstances, which he breached and thereby proximately caused Appellant's injuries and resulting damages because "the negligent" conduct of Appellee "was a substantial factor in bringing about" Appellant's "injury, without which the harm" which he suffered "would not have occurred" and because Appellant's injury while stopped in his car due to traffic in front of him "was foreseeable" or reasonably should have been foreseeable to Appellee. *Alamo Lumber Co. v. Pena*, 972 S.W.2d 800, 806 (Tex. App. - Corpus Christi 1998, pet. denied), *citing Leitch v. Hornsby*, 935 S.W.2d at 118 and *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d at 477.

Because Appellant attached "evidence as to what actually happened and how" he "was injured" and thereby "provided . . . evidence linking" the incident in question and his "injuries to" what Appellee "did or failed to do," this Court of Appeals should find that Appellant met his burden "to bring forth . . . evidence as to the element of causation." *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 661 (Tex. App. - Dallas 2002, pet. denied), *citing* TEX. R. CIV. PROC. 166a(i).

Since Appellant produced "summary judgment evidence raising a genuine issue of material fact . . . on" each of the "essential" elements "of" his negligence claims challenged in Appellee's no-evidence "motion," the trial court erred when it granted Appellee's "motion" on Plaintiff's negligence claims and causes of action. TEX. R. CIV. PROC. 166a(i).

Based upon this testimony and "evidence," this Court of Appeals should also find that "reasonable and fair-minded jurors" could "differ in their conclusions" regarding whether Appellee's breach of his duty to Appellant proximately caused or contributed to Appellant's injuries sustained in the February 17, 2010 collision and his resulting damages. *Herrmann v. Goff Custom Homes, L.P.*, 2013 Tex. App. LEXIS 10717, 3-4 (Tex. App. - Dallas, no pet.)(memo. opin.), *citing Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008)(*per curiam*). This Court of Appeals should additionally find that, since Appellant met his burden to "bring forth evidence

sufficient to prove the existence of a genuine issue of material fact with regard to" this element" challenged by" Appellee in his no-evidence motion, the trial court reversibly erred in granting Defendant's "motion" on Appellant's claim or cause of action for common law negligence or any related claim. TEX. R. CIV. PROC. 166a(i); *Stewart v. Sanmina-SCI Corp.*, 156 S.W.3d 198, 205 (Tex. App. - Dallas 2005, no pet.), *citing Centeq Realty v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

B. <u>The trial court committed reversible error when it failed to find that Appellee failed to conclusively prove that his conduct did not proximately cause Appellant's injuries.</u>

Appellant realleges all of the foregoing.

This Court of Appeals holds that Appellee "has the burden of showing that no genuine issue of material fact exists" that "at least one element of the plaintiff's theory of recovery" is disproven "and that it is entitled to judgment as a matter of law." *Biaggi v. Patrizio Rest. Inc.*, 149 S.W.3d at 303, *citing* TEX. R. CIV. PROC. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d at 548; and *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). This Court of Appeals also holds, "In deciding whether there is disputed material fact issue precluding summary judgment, evidence favorable to" Appellant "will be taken a true and every reasonable inference must be indulged in favor of" Appellant "and any doubts resolved in" his "favor." *Biaggi v. Patrizio Rest. Inc.*, 149 S.W.3d at 303,

*citing Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d at 548.

Appellant objected to Appellee's reply to Appellant's response to Appellee's summary judgment motion filed in the trial court on February 26, 2014 and the new evidence, legal authority, and argument contained in that reply, rather than in Appellant's motion. C.R. at 152-77. Specifically, in the Exhibit B attached to Appellee's motion are pages 1-3, 36, 50, 63, 69, 72, and 89-92 of Appellant's deposition. *Id.* at 51-63. The Exhibit A attached to Appellee's reply includes pages 35, 61 and 79 from Appellant's deposition. *Id.* at 163, 165, & 166. The Exhibit B attached to Appellee's reply includes a plain photocopy of Appellant's written statement. *Id.* at 171-75. The trial court, therefore, should have sustained Appellant's objection and stricken most of that reply, as well as that new evidence. *Id.* at 159.

Additionally, in Section V of his objections to Appellee's reply to Appellant's summary judgment response, Appellant explained why the trial court should not follow the Ninth District Court of Appeals' *Walter* opinion, upon which Appellee greatly relies in both his motion and his reply. *Id.* at 179-80. In addition, *Walter* has no writ history and has never even been cited in a subsequent appellate opinion. *Walter v. Box*, 2007 Tex. App. LEXIS 3191 (Tex. App. - Beaumont, no pet.)(memo. opin.).

In addition, this Court of Appeals notes, "The Texas Proportionate

Responsibility Act" is located in Chapter 33 of the Texas Civil Practice & Remedies Code. *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 304 & n. 5, *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.001(Vernon 1997). That Act specifically requires "[t]he trier of fact," to "determine the percentage of responsibility, . . . for . . . each claimant; . . . defendant; . . . settling person; and . . . responsible third party," provided there is "sufficient evidence to support the submission" of each of those persons "to the jury . . ." TEX. CIV. PRAC. & REM. CODE ANN. §33.003(a) & (b)(Vernon 2008). This Court of Appeals recognizes that this determination may not be made by this Court in a summary judgment proceeding. *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 305.

This Court of Appeals further holds, "The plaintiff may not recover" only "if the factfinder determines that the plaintiff's conduct was more than fifty percent responsible for the harm." *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 305, *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.001. In other words, "[i]f the negligence of" more than one party "proximately caused the injuries, then the parties' relative share of responsibility would have to be determined" by the trier of fact. *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 309 n. 12, *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.003. The Supreme Court likewise holds that "the trier of fact" is required "to determine the percentage of responsibility attributable to each of

the parties involved in causing the injury." *Smith v. Sewell*, 858 S.W.2d 350, 356 (Tex. 1993).

More recently, the Supreme Court explained that the parties "found liable for these tortious acts are subject to the general proportionate responsibility scheme" and "are responsible for the proportion of damages they cause or contribute to cause, as set forth in the Proportionate Responsibility Act." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex. 2007), *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.003. In *Duenez*, the Supreme Court then added that "we leave this determination to the fact-finder imbued with 'constitutional authority to weigh conflicting evidence.'" *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d at 693, *citing Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 913-14 (Tex. 2004)(Jefferson, C.J., dissenting).

This is substantially the same argument which Appellant made in Section II of his objections to Appellee's reply to Appellant's summary judgment response. C.R. at 177.

As in *Biaggi*, this Court of Appeals should "hold that" Appellee "failed to show that proximate causation" by his conduct "was extinguished as a matter of law. Instead, any claim that" Appellee's negligence contributed to" Appellant's "injuries must be evaluated under the Texas Proportionate Responsibility Act. Accordingly,"

this Court of Appeals should "reverse the trial court's summary judgment for" Appellee "and remand for proceedings consistent with this opinion." *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d at 310.

Furthermore, this Court of Appeals' *Byrd* opinion found that the First Court of Appeals' *Anderson* and the Fourteenth District Court of Appeals' *Praytor* opinions "identified . . . multiple causes" of an "injury" and still found that "general experience and common sense could allow a lay person to determine causation." *Byrd v. Delasancha*, 195 S.W.3d at 839, *citing Praytor v. Ford Motor Co.*, 97 S.W.3d at 241 and *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d at 603 n. 23. Actually, those opinions discussed indivisible injuries and held that a jury is competent to resolve liable for them. In a 2009 opinion, the Sixth District Court of Appeals found that the Supreme Court previously held, "'Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers . . . the injured party may proceed to judgment . . . against all in one suit.'" *In re Liu*, 290 S.W.3d 515, 524 (Tex. App. - Texarkana 2009, no pet.), *quoting Landers v. E. Tex. Salt Water Disposal Co.*, 248 S.W.2d 731, 734 (Tex. 1952).

In *Anderson*, the First Court of Appeals recognized that "many things are not or cannot be known with absolute certainty," found that "'alternative causes' . . .

"affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony,""" and affirmed, "'Disputed facts may be established by circumstantial or direct evidence. Absolute certainty is not required. Nor must the plaintiff exclude every other possibility. All that is required before there can be a finding of ultimate responsibility is proof of a causal connection beyond the point of conjecture or mere possibility.'" *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d at 605 n. 25, *quoting Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001) and *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 265 (4th Cir. 1999). The First Court of Appeals found that, "'when the proof discloses that a given result may have occurred by reason of more than one proximate cause, . . . the submission of'" each tortfeasor "'to the jury'" is proper, so long as there is sufficient causation evidence "'and the jury'" does not have to merely "'guess or speculate as to which is in fact, the efficient cause, . . .'" *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d at 605 n. 25, *quoting Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970).

Likewise, in *Praytor*, the Fourteenth Court of Appeals found that, in determining the cause of "the plaintiff's injury," the "testimony" must "present reliable evidence of causation." *Praytor v. Ford Motor Co.*, 97 S.W.3d at 244-45, *citing Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 706 (Tex.

1997).

In *Liu*, the Texarkana Court of Appeals refused to conclude that "the trial court abused its discretion by submitting "the multiple alleged tortfeasors . . . to the same jury" due to "the close temporal proximity of the moments when the defendants allegedly injured Woods, the high degree to which these claims involve the same facts and issues, and the interwoven proof of damages . . ." *In re Liu*, 290 S.W.3d at 524, *quoting Landers v. E. Tex. Salt Water Disposal Co.*, 248 S.W.2d at 734.

In a 1983 Supreme Court opinion, the two plaintiffs were injured when using a paint primer when a fire started, and "[n]one of the witnesses could identify the exact ignition source." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 62 (Tex. 1983). The Supreme Court found, ""Although no witness could conclusively state that the product was the cause, the jury could have made that determination from circumstantial evidence. The testimony indicates that Cono/Prime X, as designed, was a 'very flammable mixture,' which was being applied inside the tank, as Con/Chem intended, when the fire occurred. We hold that the evidence was sufficient to submit the issue to the jury." *Id*. at 63.

In a 2007 opinion, the Thirteenth District Court of Appeals found that the plaintiffs "sued three defendants for causing Mr. Moran's death. One defendant was" the manufacturer of "the seat belt buckle in Mr. Moran's Dodge Caravan" and another

was "the manufacturer of the Dodge Caravan, . . . asserting claims" against both of those defendants "for strict products liability based on a design defect in the seat belt buckle. The third defendant . . . was . . . the driver of the automobile that collided with Mr. Moran's automobile," who "the Plaintiffs . . . sued . . . for negligence, alleging that he caused the accident in which Mr. Moran was killed . . . [Even though] no expert could say how the seat beat buckle became inadvertently released . . . [t]he case was tried to a jury," which, "[i]n a comparative responsibility question, . . . found that Mr. Moran's death was 99% attributable to the defective seat belt buckle and 1% attributable to the negligence of" the other driver. *AlliedSignal, Inc. v. Moran*, 231 S.W.3d 16, 21 (Tex. App. - Corpus Christi 2007), *judgm't vacated w/o reference to the merits due to a settlement*, *DaimlerChrysler Corp. v. Moran*, 2008 Tex LEXIS 421 (Tex. 2008). The Corpus Christi Court of Appeals concluded "that a reasonable and fair-minded juror could reasonably infer causation based on the circumstances of the" collision "and the existence of a design defect that rendered the seat belt buckle unreasonably susceptible to inadvertent release." *Id*. at 23. The Thirteenth Court of Appeals explained, "We believe that based on this evidence rational juror could reasonably reach different conclusions on whether the defect was a producing cause of Mr. Moran's death . . . The existence of conflicting evidence does not render the evidence supporting the jury's verdict factually insufficient . . . To the contrary,

when there is conflicting evidence, the jury's verdict is generally regarded as conclusive." *Id.* at 31, *citing Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761-62 (Tex. 2003) and *Beall v. Ditmore*, 867 S.W.2d 791, 796 (Tex. App. - El Paso 1993, writ denied). The Corpus Christi Court of Appeals added, "Texas Rule of Civil Procedure 277 explains how proportionate responsibility questions are to be submitted to the jury:" and emphasized that "the jury must make specific findings of culpability before apportioning loss between parties" and/or "products." *AlliedSignal, Inc. v. Moran*, 231 S.W.3d at 37-38, citing TEX. R. CIV. PROC. 277.

An article in the Nov 2011 edition of the *Texas Law Review* discussed "[a] motorist" being "suddenly rear-ended while stopped at an intersection" and then his "car" being "struck again by another vehicle. The motorist is injured in this series of event and now seeks recourse in the legal system. . . . Negligence law requires the plaintiff to tie the specific injuries alleged in the suit to the specific events created by the negligent actor. That task will be very difficult in this case, however, because it will be nearly impossible for the plaintiff to attribute some specific injuries to the first wreck and attribute other specific injuries to the second wreck. Is the motorist simply out of luck? The law has answered this question in the negative and has created an exception to the rule for these situations," which "occurs when the plaintiff is able to prove that he suffered 'indivisible injuries'" and "is known as the 'single indivisible

injury rule,' . . ." Raupp, THE MULTIPLICATION OF INDIVISIBLE INJURY, 90 Tex. L. Rev. 259 & n. 3 (Nov., 2011 ed.). Mr. Raupp's article explains that "the indivisible injury doctrine," operates "as an exception to the causation component of damages" and "rescues the plaintiff from the position of not being able to recover simply because he happened to encounter two negligent actors instead of one. Additionally, it prevents the tortfeasors from escaping liability for their negligent acts simply because the hapless plaintiff was injured a second time." *Id.* at 261. However, Mr. Raupp states that 'it is important to read the indivisible injury doctrine narrowly," as "[t]he key aspect of the doctrine is 'the impossibility of definitely attributing a specific injury to each collision.'" *Id.* at 279, *quoting Barlow v. Thornhill*, 537 S.W.2d 412, 419 (Mo. 1976). Mr. Raupp found that Texas has a "currently modified (51%)" system of "comparative fault" and that "the plaintiff would be permitted to collect from both defendants because the plaintiff's fault percentage did not rise to the requisite (50% or 51%) level to bar recovery." *Id.* at 272-73, *citing* TEX. CIV. PRAC. & REM. CODE ANN. §33.001(West 2008).

Based upon all of the foregoing, this Court should find that Appellee is incorrect when he argues on page 8 of his motion that Appellant has no evidence that he suffered any injury as a result of the impact allegedly caused by Appellee and that, as a result, Appellee is entitled to summary judgment as a matter of law.

Similarly, based upon what is stated and proven in Appellee's motion, in Appellant's response, in Appellee's reply, and in Appellant's objections and reply, this Court should find that Appellee failed to meet his statutory burden to conclusively prove that "there is no genuine issue as to" the "material fact" regarding whether his conduct did not proximately cause Appellant's injuries, which precludes any "judgment as a matter of law on" that issue "expressly set out in" Appellee's traditional "motion . . ." TEX. R. CIV. PROC. 166a(c).

## CONCLUSION

The trial court abused its discretion when it sustained Appellee's objections to Mr. Wolfe's and Mr. Jaquez's interrogatory answers filed in opposition to Appellee's summary judgment motion and struck them from the summary judgment record. C.R. at 83-89, 128-30, 176, 180, & 203; App. 1. This Court of Appeals should find that the trial court's ruling probably caused the rendition of an improper Judgment, since those interrogatory answers make it clear that Appellee could not meet his burden in his traditional motion to conclusively prove that his colliding the tractor-trailer rig which he was driving into the rear of Mr. Wolfe's pickup was not the only reason Appellant's car got rear-ended twice in the 5-vehicle chain collision on February 17, 2010 and not the only reason Appellant sustained injuries in that collision. C.R. at 83-89. The improper Judgment was the trial court's Order granting Appellee's summary

judgment motion. *Id.* at 204-05; App. 2.

Without those interrogatory answers, Appellee could not meet his burden in his traditional motion to prove that Appellant's negligence claims and causes of action against him fail as a matter of law, specifically, that Appellant could not prevail in his negligence claim because there was no material fact question that the causation element of that claim failed.

In addition, the trial court committed reversible error when it failed to find that Appellant produced more than a scintilla of competent evidence proving that Appellee's negligence conduct proximately caused or contributed to Appellant's injuries sustained in that February 17, 2010 collision, which is the only element of Appellant's negligence claims challenged in Appellee's no-evidence motion.

Consequently, the trial court committed reversible error when it signed the Order granting Appellee's summary judgment motion. *Trail Enterprises, Inc. v. City of Houston*, 957 S.W.2d 625, 630 (Tex. App. - Houston [14th Dist.] 1997), *cert. denied*, 525 U.S. 1070 (1999), *citing Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983) and *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678; App. 2.

This Court of Appeals should, therefore, "reverse" both of those Orders, "render the judgment that the trial should have rendered; . . . and remand the case for" a new trial. TEX. R. APP. PROC. 43.2(c) and (d), 43.3, and 44.1(a)(1); App. 1-2.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court of Appeals find that the trial court abused its discretion when it sustained Appellee's objections to Mr. Jaquez's and Mr. Wolfe's interrogatory answers attached to Appellant's response to Appellee's summary judgment motion and struck those interrogatory answers from the summary judgment record, that that ruling probably resulted in the improper granting of a summary Judgment for Appellee, and that that Order should be reversed.

Appellant also prays that this Court of Appeals find that the trial court committed reversible error when it granted Appellee's summary judgment motion, reverse that Order, and remand this case to the trial court for a new trial.

Appellant further prays for such other and further relief to which he may be

justly entitled at law or in equity, specific or general.

Respectfully submitted,

LAW OFFICES OF DOMINGO A. GARCIA, P.C.

By: _____
       Domingo A. Garcia
       State Bar No. 07631950
       Albert Villegas
       State Bar No. 20585450

600 Bank of America Twr. - Oak Cliff
400 S. Zang Blvd.
Dallas, Texas 75208
Telephone: (214) 941-8300
Facsimile: (214) 943-7536
Email: avillegas@dgley.com

ATTORNEYS FOR APPELLANT

CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 10,595 words and, therefore, complies with Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure.

_____
Albert Villegas

<u>CERTIFICATE OF SERVICE</u>

A true and correct photocopy of this document was served upon the following parties and counsel of record on February 13, 2015 by regular U. S. mail pursuant to TEX. R. APP. PROC. 9.5(b) and (e):

Mr. Scott Smith
Smith, Smith & Smith, L.L.P.
310 W. College St.
Terrell, Texas 75160
Attorneys for Appellee BRUCE ALAN DOTSY
D/B/A DOTSY TRUCKING SERVICE.

Albert Villegas

## APPENDIX

Order on Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking
Service's Objections and Motion to Strike Plaintiff's Summary
Judgment Evidence, which was signed on March 3, 2014 . . . . . . . . . . . . Appendix 1

Order on Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking
Service's Motion for Summary Judgment Evidence, which was
signed on March 3, 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appendix 2

Order Denying Plaintiff's Motion for Reconsideration of Defendant
Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Motion for
Summary Judgment, which was signed on March 27, 2014 . . . . . . . . . . Appendix 3

Order for Severance of Actions, which was signed on May 1, 2014 . . . . Appendix 4

APPENDIX "1"

CAUSE NO. CC-11-06020-D

| | | |
|---|---|---|
| LABERTANO MARTINEZ, JR. | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | |
| | § | |
| BRUCE ALAN DOTSY, ROBERT | § | |
| EDISON, ETS TRUCKING CO., | § | |
| JOHN BYRON WOLFE JR., JUAN | § | |
| GUSTAVO JAQUEZ, RUBEN MONREAL | § | |
| AND LUCINDA VELAZQUEZ | § | |
| | § | |
| | § | |
| JUAN JAQUEZ, | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| BRUCE A. DOTSY, INDIVIDUALLY, | § | |
| and BRUCE A. DOTSY d/b/a | § | |
| DOTSY TRUCKING SERVICE; | § | |
| | § | |
| | § | |
| JOHN WOLFE, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. 4 |
| | § | |
| BRUCE DOTSY, | § | |
|     Defendant. | § | |
| | § | |
| | § | |
| RUBEN MONREAL, | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| BRUCE ALAN DOTSY d/b/a DOTSY | § | |
| TRUCKING SERVICE, JOHN BYRON | § | |
| WOLFE JR., AND JUAN GUSTAVO | § | |
| JAQUEZ | § | |
| | § | |
|     DEFENDANTS. | § | |
| | § | |

CC-11-06020-D
CORDER
ORDER -
475693

 Page 202

| GOVERNMENT EMPLOYEES | § | |
|---|---|---|
| INSURANCE COMPANY | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN WOLFE and BRUCE DOTSY | § | DALLAS COUNTY, TEXAS |

## ORDER ON DEFENDANT BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

On March 3, 2014, came on to be heard Defendant, BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S Objections and Motion to Strike Plaintiff's Summary Judgment Evidence. The Court, after reviewing the pleading, Defendant, BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S Objections and Motion to Strike Plaintiff's Summary Judgment Evidence, the evidence and the argument of counsel finds Defendant's objections should be sustained and Defendant's Motion to Strike should be GRANTED, *in part. (over)*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant's objections to Exhibits "A", "B", "X" and "X", which are exhibits to Plaintiff's Response to Defendant Dotsy's Motion for Summary Judgment, are hereby sustained, and Plaintiff's Exhibits "A", "B", "X" and "X" are hereby stricken from the summary judgment record.

Signed this __3__ day __March__, 2014.

_____
JUDGE PRESIDING

APPENDIX "2"

FILED

5/14/2014 9:24:15 AM

JOHN F. WARREN

COUNTY CLERK

DALLAS COUNTY

CAUSE NO. CC-11-06020-D

| | | |
|---|---|---|
| LABERTANO MARTINEZ, JR. | § | IN THE COUNTY COURT |
| VS. | § | |
| BRUCE ALAN DOTSY, ROBERT EDISON, ETS TRUCKING CO., JOHN BYRON WOLFE JR., JUAN GUSTAVO JAQUEZ, RUBEN MONREAL AND LUCINDA VELAZQUEZ | § | |
| JUAN JAQUEZ, | § | |
| Plaintiff | § | |
| v. | § | |
| BRUCE A. DOTSY, INDIVIDUALLY, and BRUCE A. DOTSY d/b/a DOTSY TRUCKING SERVICE; | § | |
| JOHN WOLFE, Plaintiff | § | |
| v. | § | AT LAW NO. 4 |
| BRUCE DOTSY, Defendant. | § | |
| RUBEN MONREAL, Plaintiff | § | |
| v. | § | |
| BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE, JOHN BYRON WOLFE JR., AND JUAN GUSTAVO JAQUEZ | § | |
| DEFENDANTS. | § | |

CC-11-06020-D
C8JD
ORDER - SUMMARY JUDGMENT
475598



Page 204

| GOVERNMENT EMPLOYEES | § | |
| INSURANCE COMPANY | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN WOLFE and BRUCE DOTSY | § | DALLAS COUNTY, TEXAS |

## ORDER ON DEFENDANT BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S MOTION FOR SUMMARY JUDGMENT EVIDENCE

On March 3, 2014, came on to be heard Defendant, BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S Motion for Summary Judgment. The Court, after reviewing the pleadings, Defendant BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S Motion for Summary Judgment, the evidence, and the argument of counsel, finds that there is no evidence to support any claim against Defendant BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE and therefore Defendant BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE'S Motion for Summary Judgment should be in all things GRANTED .

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that all claims against Defendant, , BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE are hereby dismissed with prejudice to the refiling of same and with all court costs to be paid by any party incurring same.

Signed this ____ day _____, 2014.

_____
JUDGE PRESIDING

APPENDIX "3"

CAUSE NO. CC-11-06020-D

| | | |
|---|---|---|
| LABERTANO MARTINEZ, JR. | § | IN THE COUNTY COURT |
| VS. | § | |
| BRUCE ALAN DOTSY, ROBERT EDISON, ETS TRUCKING CO., JOHN BYRON WOLFE JR., JUAN GUSTAVO JAQUEZ, RUBEN MONREAL, AND LUCINDA VELAZQUEZ | § | |
| JUAN JAQUEZ, | § | |
| Plaintiff | § | |
| v. | § | |
| BRUCE A. DOTSY, INDIVIDUALLY, and BRUCE A. DOTSY d/b/a DOTSY TRUCKING SERVICE; | § | |
| JOHN WOLFE, | § | |
| Plaintiff | § | |
| v. | § | AT LAW NO. 4 |
| BRUCE DOTSY, | § | |
| Defendant. | § | |
| RUBEN MONREAL, | § | |
| Plaintiff | § | |
| v. | § | |
| BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE, JOHN BYRON WOLFE JR., AND JUAN GUSTAVO JAQUEZ | § | |
| DEFENDANTS. | § | |

CC-11-06020-D
CORD
ORDER - DENYING
499961



GOVERNMENT EMPLOYEES § 
INSURANCE COMPANY §
 §
v. §
 §
 §
JOHN WOLFE and BRUCE DOTSY §        DALLAS COUNTY. TEXAS

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DEFENDANT BRUCE ALAN DOTSY'S d/b/a DOTSY TRUCKING SERVICE'S MOTION FOR SUMMARY JUDGMENT

On the 24th day of March 2014, came on to be heard Plaintiff's Motion for Reconsideration of Defendant Bruce Alan Dotsy's d/b/a Dotsy Trucking Service's Motion for Summary Judgment. The Court having considered same and the argument of counsel finds the said motion should be in all things DENIED.

IT IS THEREFORE ORDERED. ADJUDGED. AND DECREED that Plaintiff's Motion for Reconsideration of Defendant Bruce Alan Dotsy's d/b/a Dotsy Trucking Service's Motion for Summary Judgment is hereby denied.

IT IS SO ORDERED.

Signed this 2 ) day ___March___ . 2014.

_____
JUDGE PRESIDING

APPENDIX "4"

**RUBEN MONREAL,**

**PLAINTIFF,**

04/29/2014 TUE 13:24 FAX 972 698 0900 Smith, Smith, & Smith

**VS.**

**BRUCE ALAN DOTSY D/B/A DOTSY TRUCKING SERVICE**

**DEFENDANT.**

**CC-14-02331-D**

**IN THE COUNTY COURT**

**AT LAW NO. 4**

**DALLAS COUNTY, TEXAS**

FILED
5/14/2014 9:24:15 AM
☑004/006HN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**THIS CASE IS SEVERED FROM:** CAUSE NO. CC-11-06020-D

| | | |
|---|---|---|
| LABERTANO MARTINEZ, JR. | § | IN THE COUNTY COURT |
| VS. | § | |
| | § | |
| BRUCE ALAN DOTSY, ROBERT EDISON, ETS TRUCKING CO., JOHN BYRON WOLFE JR., JUAN GUSTAVO JAQUEZ, RUBEN MONREAL AND LUCINDA VELAZQUEZ | § | |
| | § | |
| JUAN JAQUEZ, | § | |
| Plaintiff | § | |
| v. | § | |
| BRUCE A. DOTSY, INDIVIDUALLY, and BRUCE A. DOTSY d/b/a DOTSY TRUCKING SERVICE; | § | |
| | § | |
| JOHN WOLFE, | § | |
| Plaintiff | § | |
| v. | § | AT LAW NO. 4 |
| BRUCE DOTSY, | § | |
| Defendant. | § | |
| | § | |
| RUBEN MONREAL, | § | |
| Plaintiff | § | |
| v. | § | |
| BRUCE ALAN DOTSY d/b/a DOTSY TRUCKING SERVICE, JOHN BYRON WOLFE JR., AND JUAN GUSTAVO JAQUEZ | § | |
| DEFENDANTS. | § | |

1

CC-11-06020-D
SV
ORDER - SEVERANCE
633200



Page 8

|  | § |  |
|---|---|---|
|  | § |  |
| GOVERNMENT EMPLOYEES | § |  |
| INSURANCE COMPANY | § |  |
|  | § |  |
| v. | § |  |
|  | § |  |
| JOHN WOLFE and BRUCE DOTSY | § | DALLAS COUNTY, TEXAS |

## ORDER FOR SEVERANCE OF ACTIONS

On the 28th day of April, 2014, came on to be considered Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service ("Dotsy") Motion for Severance in the above-entitled and numbered cause. The Court after considering the pleadings and argument of counsel, is of the opinion that the Motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the cause of action asserted by Plaintiff Ruben Monreal against Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service be, and the same is hereby, severed from this action and made the subject of a separate action, and it proceed as such to final judgment or other disposition in this Court under the style of Ruben Monreal vs. Bruce Alan Dotsy d/b/a Dotsy Trucking Service, and bear docket number CC-14-02331-D upon payment of necessary costs by Bruce Alan Dotsy d/b/a Dotsy Trucking Service. The Clerk is further ordered to include the following documents in said separate action:

1. Plaintiff's Original Petition filed in original Cause No. CC-11-08763-C on December 22, 2011;
2. Defendant Bruce Alan Dotsy's First Amended Original Answer and Jury Demand filed in original Cause No. CC-11-08763-C on March 15, 2012;
3. Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Motion for Summary Judgment filed January 31, 2014;
4. Plaintiff's Response to Defendant's Motion for Summary Judgment filed on February 24, 2014;

2

5. Defendant Bruce Alan Dotsy, d/b/a Dotsy Trucking Service's Objections and Motion to Strike Plaintiff's summary Judgment Evidence filed on February 25, 2014;

6. Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed on February 26, 2014;

7. Plaintiff's Objections to Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment and to Defendant's Objections and Motion to Strike Evidence attached to Plaintiff's Response filed on February 28, 2014;

8. Plaintiff's Motion for Reconsideration of Bruce Alan Dotsy d/b/a Dotsy Trucking Service Judgment filed on March 1, 2014;

9. Order on Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Motion for Summary Judgment Evidence signed by Judge on March 3, 2014;

10. Order on Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence signed by Judge on March 3, 2014;

11. Order Denying Plaintiff's Motion for Reconsideration of Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Motion for Summary Judgment signed by Judge on March 27, 2014;

12. Defendant Bruce Alan Dotsy d/b/a Dotsy Trucking Service's Motion for Severance.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED that the separate

judgment entered in the severed cause, such judgment to be final and to dispose completely of all

of the issues between all the parties to said suit.

IT IS SO ORDERED.

JUDGE PRESIDING

SCOTT SMITH
BAR CARD NO. 18613220
SMITH, SMITH, &SMITH, L.L.P.
3939 US HIGHWAY 80 E, SUITE 486
MESQUITE, TEXAS 75150-3373
(972) 698-0999
FAX (972) 698-0900
ATTORNEY FOR DEFENDANT

JESSICA GONZALES
STATE BAR NO. 24076176
LAW OFFICES OF DOMINGO GARCIA, P.C.
400 S. ZANG BLVD., SUITE 600
DALLAS, TEXAS 75208.
TELEPHONE: (214) 941-8300
FACSIMILE: (214) 943-7536
ATTORNEY FOR PLAINTIFF

3